UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUZANNE NAVONE,

Plaintiff,

v.

ACTION WATERSPORTS OF TAHOE, et al.,

Defendants.

No. 2:20-cv-01351-JAM-JDP

**ORDER GRANTING DEFENDANT ACTION MOTORSPORTS OF TAHOE, INC.'S (ERRONEOUSLY SUED AS ACTION WATERSPORTS OF TAHOE) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This matter is before the Court on Defendant Action Motorsports of Tahoe, Inc.'s ("Defendant AMT") motion to dismiss Plaintiff Suzanne Navone's ("Plaintiff") complaint under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"). Def.'s Mot. to Dismiss ("Mot."), ECF No. 14.

For the reasons set forth below, the Court GRANTS Defendant AMT's motion.[1]

///

///

[1]This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

## I. ALLEGATIONS AND BACKGROUND

This action arises from an incident on July 4, 2017, when Plaintiff was allegedly struck by a water taxi while she was swimming in Lake Tahoe, California (the "Incident"). Compl. ¶ 13. The defendants named in the complaint allegedly owned or operated the water taxi that struck Plaintiff. Compl. ¶¶ 6-10, 13.

To date, Defendant AMT has not been served. See generally Dkt.; Def.'s Suppl. Brief, ECF No. 23 at 3. Although Plaintiff claims she served Defendant AMT, she instead served an entity named "Action Watersports of Incline Village, LLC" at an address unconnected to Defendant AMT. ECF No. 17 at 2; Def.'s Suppl. Brief at 3. The only Defendant that has been served in this action is Camp Richardson Resort, Inc., but it was recently dismissed by stipulation and order. ECF No. 13.

Defendant AMT now moves to dismiss the complaint. Mot. Plaintiff filed an opposition, Opp'n, ECF No. 19, and Defendant AMT replied, Reply, ECF No. 21.

After reviewing the parties' briefs, the Court issued a Minute Order requesting each party submit supplemental briefing regarding Rule 4(m). Minute Order, ECF No. 22. The Court also requested Defendant AMT respond to three issues, including its relationship, if any, to Action Watersports of Tahoe. Id. The parties filed supplemental briefs in response to the Court's Minute Order. Def.'s Suppl. Brief, ECF No. 23; Pl.'s Suppl. Brief, ECF No. 24. The Court will consider Plaintiff's supplemental brief even though it was untimely filed.

///

Before Defendant AMT filed the instant motion to dismiss (ECF No. 14), the Court issued an Order to Show Cause ("OSC") as to why this action should not be dismissed for failure to prosecute given three years of inactivity. OSC, ECF No. 6. To date, the Court has not discharged its OSC. While this motion and the OSC relate to the prolonged period of inactivity in this action, they concern different legal issues and will be resolved separately. Accordingly, this Order is independent from the Court's Order that will be issued in connection with the outstanding OSC.

Because the Incident occurred in navigable waters involving traditional maritime activity, the action is governed by federal maritime law pursuant to 28 U.S.C. section 1333. Compl. ¶ 1. The parties do not dispute the Court's maritime jurisdiction.

## II. OPINION

### A. Legal Standard

A defendant may move to dismiss a complaint for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. The parameters of sufficient service of process are outlined in Rule 4. Under Rule 4(m), the plaintiff must serve a defendant "within 90 days after the complaint is filed." If the plaintiff fails to serve a defendant within this period, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

B. Analysis

Defendant AMT moves to dismiss Plaintiff's complaint under Rule 12(b)(5) on the ground that service of process is insufficient because the complaint was not served within 90 days of filing pursuant to Rule 4(m). Mot. at 8-10. The parties do not dispute that Defendant AMT was not served within 90 days. See generally Mot.; Opp'n; see also Dkt. Instead, Plaintiff argues it has good cause for the delay. Opp'n at 10. Alternatively, in the absence of good cause, Plaintiff requests the Court exercise its discretion and extend the time in which it can effectuate service. Plf.'s Suppl. Brief at 3-5.

Defendant AMT also moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Mot. at 7-8. Because the insufficient service of process argument is dispositive, the Court need not consider Defendant AMT's 12(b)(6) argument at this time.

1. Service of Process Under Rule 4(m)

> Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. [] First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there

> is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.

In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (internal citations and quotations omitted). The burden of establishing good cause is on the plaintiff. Boudette v. Barnette, 923 F.2d 754, 755 (9th Cir. 1991). "At a minimum, 'good cause' means excusable neglect." Id. at 756. "An attorney's ignorance of the rules, oversight, inadvertence, or mistake does not rise to the level of excusable neglect—much less good cause." James v. Cnty. of Sacramento, No. 2:18-CV-00180-TLN-DB, 2022 WL 2533484, at *4 (E.D. Cal. July 7, 2022) (citing Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985)).

In the absence of good cause, courts have discretion to dismiss the action or extend the period to complete service. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001); Fed. R. Civ. P. 4(m). The Ninth Circuit has declined to articulate a specific test that district courts must apply when exercising their discretion. In re Sheehan, 253 F.3d at 513. Nevertheless, courts frequently consider the following factors when conducting the "two-step" analysis of Rule 4(m): (1) the length and reason of the delay; (2) whether the delay prejudiced the defendant; and (3) whether dismissal of the action would prejudice the plaintiff. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998)); In re Sheehan, 253 F.3d at 513; Boudette, 923 F.2d at 756 (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987); see also James, 2022 WL 2533484 at *4-5.

a. Length and Reason of Delay

Over three and a half years have passed since Plaintiff filed the complaint, and Defendant AMT has still not been served. Supra at 2. In Efaw, 473 F.3d 1038, the Ninth Circuit found a seven-year delay "extraordinary," warranting dismissal under Rule 4. Id. at 1041. Although the three-and-a-half-year delay here is less than that in Efaw, it is still extraordinary and sharply weighs in favor of dismissal and against a finding of good cause.

The reason for the delay also supports dismissal and the lack of good cause. Plaintiff's justification for the delay is that she was given a business card on the day of the Incident indicating "Action Watersports of Tahoe" was the allegedly responsible party, but she was unable to locate an entity with a matching name. Opp'n at 8-9; Birnberg Decl. at ¶ 7. Because Plaintiff could not find an exact match, she attempted to serve an entity with a similar name, focusing on the word "Watersports." See Opp'n at 2-3, 9; Birnberg Decl. at ¶ 7; Return of Service, ECF No. 17 at 2; Plf.'s OSC Response, ECF No. 7 at 3-6 (i.e., "Action Watersports of Tahoe Vista, LLC" and "Action Watersports of Incline Village, LLC"). Because these similarly named entities appeared inactive, Plaintiff inexplicably assumed the responsible defendant must also be inactive. Plf.'s OSC Response at 5.

Plaintiff's reliance on the status and addresses of similarly named—but clearly different—entities is unreasonable. Plaintiff failed to consider that Action Watersports of Tahoe was Defendant AMT's registered fictious business name with El

Dorado County. Rather than exhaust all avenues to locate the proper party, such as by searching other databases and records, several of which Defendant AMT provides in its supplemental brief, see ECF No. 23, Plaintiff took no further action until the Court ordered her to show cause for failure to prosecute. Plf.'s OSC Response at 3-6. Plaintiff also attributes the delay in service to the departure of the attorney handling Plaintiff's case and a lapse in attorney-client communications. Plf.'s OSC Response at 2.

These reasons amount to oversight rather than excusable neglect and do not justify the extensive delay here. Notably, this is not a situation in which Plaintiff found an inactive, California entity with the exact name as that printed on the business card Plaintiff received. The differences in the entities' names should have made it apparent that Plaintiff had not yet found the correct party.

In sum, Plaintiff could have pursued more diligent alternatives to locate and serve Defendant AMT rather than stay idle for several years. The length and reason for delay strongly weigh against a finding of good cause and support dismissal.

b. Prejudice to Defendant

Defendant AMT argues it has been prejudiced from the delay in service because control of Defendant AMT has since changed, Defendant AMT no longer employs the individuals who may have captained the water taxi, the locations of those individuals are unknown, and these changes and uncertainties will impact legal strategy. Def.'s Suppl. Brief at 6-7. Defendant AMT submits

the declaration of Robert Hassett, the former President of Defendant AMT at the time of the Incident until early-2022, in support of its argument. Declaration of Robert Hassett ("Hassett Decl."), ECF No. 23-1. While Mr. Hassett declares some discovery may not have been retained, was destroyed, or is now inaccessible to him, Hasset Decl. at ¶ 14, the persuasiveness of this declaration is limited because it is speculative, is submitted by a non-party witness, and despite the delay and change of control, the discovery may still be obtainable through third-party discovery procedures. Even so, the Court acknowledges that the delay has likely created difficulty with conducting discovery that may prejudice Defendant AMT. Further, the significant passage of time prejudices Defendant AMT because it affects the availability and reliability of witnesses. Efaw, 473 F.3d at 1041. The prejudice is exacerbated considering the Incident occurred almost seven years ago.

Courts also consider whether the defendant had actual notice of the lawsuit within the 90-day service period. Efaw, 473 F.3d at 1041. Plaintiff entirely relies upon letters mailed one year before the lawsuit was filed to establish Defendant AMT had actual notice of the lawsuit. Exh. G to Opp'n, ECF No. 19-1 at 29, 32. Notably, these letters do not express an intention to commence litigation in the future. Id. Even though Plaintiff sent the letters "to all the addresses [she] could find," Birnberg Decl. at ¶ 7, this does not support that Defendant AMT had actual notice. Further, Mr. Hassatt declares that while he was President of Defendant AMT, he did not have

actual notice of the lawsuit during the 90-day period. Hasset Decl. at ¶ 10 (declaring he was unaware of this lawsuit until September of 2023).

Additionally, there is no evidence Defendant AMT attempted to evade service or contributed to Plaintiff's delay by wrongful conduct. See Efaw, 473 F.3d at 1041. Although Defendant AMT did not respond to Plaintiff's correspondences, Plf.'s OSC Response at 3, assuming Defendant AMT indeed received those letters, it was under no legal obligation to respond. Further, Defendant AMT's use of a fictious business name was not wrongful or made in bad faith to prevent Plaintiff from timely effectuating service.

In sum, Plaintiff has not shown Defendant AMT would not be prejudiced by the three-and-a-half-year delay.

c. Prejudice to Plaintiff

Both parties explicitly and implicitly concede Plaintiff may be severely prejudiced if the complaint is dismissed without prejudice because a newly-filed complaint may be time-barred. Plf.'s Suppl. Brief at 4; Def.'s Suppl. Brief at 7-8. The Court acknowledges the severe effect dismissal may have on Plaintiff. Accordingly, this factor weighs against dismissal. However, this neither mandates a finding of good cause nor obligates the Court to extend the period to effectuate service. See Hart v. United States, 817 F.2d 78, 81 (9th Cir. 1987).

d. Totality of Factors and Conclusion

Given the totality of the factors above, the Court finds Plaintiff has not demonstrated good cause for the failure to comply with Rule 4(m). The justifications for the delay are

unreasonable and do not rise to the level of excusable neglect; Plaintiff has not shown the failure to serve Defendant AMT within the prescribed timeframe resulted from something other than ignorance, oversight, inadvertence, or mistake—all of which are insufficient. James, 2022 WL 2533484, at *4 (citing Wei, 763 F.2d 370, 372 (9th Cir. 1985)). Rather, it appears this case slipped through the cracks until the Court issued its Order to Show Cause (ECF No. 6), at which point Plaintiff discovered the pendency of this action and resumed prosecution efforts.

In the absence of good cause, the Court may exercise its discretion to dismiss the action without prejudice or extend the period to effectuate service. Fed. R. Civ. P. 4(m); In re Sheehan, 253 F.3d at 512. The Court finds that granting Plaintiff an extension to effectuate service of process is not in the interests of justice. Although Plaintiff may be severely prejudiced, the remaining factors strongly favor dismissal.

## III. ORDER

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE against Defendant Action Motorsports of Tahoe, Inc. (erroneously sued as Action Watersports of Tahoe) pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: January 17, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE