UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE NAVONE,<br><br>            Plaintiff,<br><br>      v.<br><br>ACTION WATERSPORTS OF TAHOE, et al.,<br><br>            Defendants. | No.  2:20-cv-01351-JAM-JDP<br><br>**ORDER DISMISSING PLAINTIFF'S ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)** |

    This action commenced on July 6, 2020. Plaintiff's Complaint named four defendants. ECF No. 1. Following the filing of the Complaint, other than a substitution of the assigned Magistrate Judge, no activity occurred during the subsequent three years. See Dkt. Following a review of the docket, the Court ordered Plaintiff to show cause ("OSC") on August 21, 2023, as to why this action should not be dismissed for failure to prosecute. OSC, ECF No. 6. Plaintiff filed a response to the OSC. Plf.'s OSC Response, ECF No. 7.

    To date, the Court has not discharged its OSC. See Dkt. While the Court's Order on Defendant AMT's motion to dismiss "MTD

1

1  Order," ECF No. 25, and the OSC both relate to the prolonged
2  period of inactivity in this action, they concern different legal
3  issues.  Accordingly, this Order is issued independent from the
4  Court's MTD Order.

## I.   OPINION

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992).  The Court may *sua sponte* dismiss an action for a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b); Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005).  Courts must weigh the following when considering whether to dismiss an action for failure to prosecute: (1) the public's interest in expeditiously resolving litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring resolution on the merits.  E.g., Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

### A.   The Public's Interest in Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

### B.   The Court's Need to Manages Its Docket

Given that there was no activity in this case for over three years, the Court's ability to efficiently and expeditiously manage its docket was impaired.  Thus, this factor

also weighs in favor of dismissal.

### C. Risk of Prejudice to Defendant

An unreasonable delay presumptively prejudices Defendants. Hernandez, 138 F.3d at 400-01; Anderson v. Air W., Inc., 542 F.2d 522 (9th Cir. 1976); In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994). Since the OSC, Plaintiff has served only Defendant Camp Richardson Resort, Inc. ("CRR"), ECF Nos. 8, 9, and then agreed to dismiss this Defendant shortly thereafter. See ECF No. 13. Although Plaintiff claims she served Defendant Action Motorsports of Tahoe, Inc. ("AMT") (erroneously sued as Action Watersports of Tahoe), she instead served an unrelated entity named "Action Watersports of Incline Village, LLC." Return of Service, ECF No. 17 at 2.

The Court finds Plaintiff's justification for the delay in serving her Complaint on all four Defendants is unreasonable. As noted above, Defendant AMT has never been properly served and Defendant CRR was served, but then dismissed. As to the remaining two Defendants, Mark Taylor and James Graham, Plaintiff states she was unable to locate them but intends to hire an investigator for assistance. Plf.'s OSC Response at 6. More than four months have passed since the Court issued its OSC, and those Defendants have still not been served. See Dkt. Plaintiff also has never explained why she failed or was unable to hire an investigator in the three years preceding the OSC.

Plaintiff also attributes the delay in service to the departure of the attorney handling Plaintiff's case and a lapse in attorney-client communications. Plf.'s OSC Response at 2. While some delay can be expected from this departure, a delay of

three years due to the unavailability of counsel is not reasonable.

Finally, there is no evidence any Defendants attempted to evade service or contributed to Plaintiff's delay by wrongful conduct.  Although Defendants CRR and AMT did not respond to Plaintiff's correspondences, Plf.'s OSC Response at 3, assuming they indeed received those correspondences, they were under no legal obligation to respond.

Because the Court finds Plaintiff's explanations for the delay unreasonable, Defendants are presumptively prejudiced. Defendants may also be prejudiced because the significant passage of time affects the availability and reliability of witnesses. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  The three-and-a-half-year delay may also create difficulty with conducting discovery, which is exacerbated considering the incident that gave rise to the complaint occurred almost seven years ago. See ECF No. 25.

D.   Availability of Less Drastic Alternatives

Providing Plaintiff additional time to serve all Defendants would be a less drastic alternative to dismissal, but doing so would be futile.  Despite the Court's OSC—issued over 120 days ago—Plaintiff has taken little if any steps toward actively prosecuting her lawsuit.  For this reason, the Court finds dismissal without prejudice is not a feasible alternative.

Plaintiff states in her OSC response that she will dismiss this action if she is unable to serve the remaining Defendants within 90 days.  Plf.'s OSC Response at 6.  That period has come and gone, and all Defendants have still not been served.  See

Dkt.

E. <u>Public Policy Favoring Resolution on the Merits</u>

"Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002). However, "it is the responsibility of the moving party to move towards that disposition at a reasonable pace . . . ." <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991) (affirming dismissal for failure to prosecute). That responsibility has not been met in this action.

## II.  ORDER

For all the foregoing reasons, this action is DISMISSED WITH PREJUDICE for failure to prosecute.

IT IS SO ORDERED.

Dated: January 22, 2024

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE